CRICHTON, J.,
additionally concurs and assigns reasons.
hi concur in the per curiam opinion reversing the court of appeal. I write separately to emphasize the substantial weight given to a jury’s finding of fact under Louisiana law. See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). As esteemed late Justice Albert Tate, Jr. observed, the rule of limited appellate review in the absence of manifest error “requires that the appellate court will not disturb the trial court’s express or implied factual findings if the evidence is reasonably open to any interpretation in accord therewith.” A. *325 Tate, “Manifest Error”—Further observations on appellate review of facts in Louisiana civil cases, 22 La. L.Rev. 605, 611 (1962).
The court of appeal disregarded this mandate in this case, despite the fact that the evidence presented at trial was “reasonably open to any interpretation” in accordance with the jury’s verdict. Indeed, as the per curiam explains, even plaintiffs’ own expert testified on cross-examination that the guidelines for pacemaker implantation were met in this case. As a result, I believe that, consistent with prior jurisprudence of this Court, the ease is properly reversed.